1762.

Sayer
v.
Thorp.

Rec. 1763.
Fol. 17.

Whether the Owner and Hirer of a Veſſell can join in an Action of Treſpaſs for running away with the Veſſell — *quære.*

## Sayer & al. *verſ.* Thorp & al.

THE only Queſtion of Law in this Caſe was, whether the Owner of a Veſſell and the Perſon who hired and freighted her could join in an Action of Treſpaſs for running away with the Veſſell. (1) It was not doubted that they might both have their Actions, (2) but whether they could join was the Doubt. It was ſaid on one Side, that Tenant

---

(1) There are ſeveral depoſitions on file in this caſe, from which it appears that the ſloop Proſperous was employed in freighting wood on the Chignecto River, Nova Scotia, for the uſe of Fort Cumberland, and that the party who ran away with her were deſerting ſoldiers of the fort. The defence was, the conſent or connivance of the maſter, who was alleged to have been paid for a ſimilar uſe of the ſloop on a former occaſion, and to have induced the attempt by telling the ſoldiers that there would be no reſiſtance, and that they were fools to ſtay in ſo bad a place after their time was up. And in his own depoſition he acknowledges having found forty-one dollars in his cabin, which he was told the ſoldiers had left, and which he was induced to put in his cheſt. There appears alſo among the papers a printed proclamation by Governor Pownall, bearing date March 17, 1759, and reciting that his Majeſty, having determined to make a general invaſion of Canada, called upon his faithful and brave ſubjects of New England for aſſiſtance; and that the Province, having reſolved to raiſe a number of men, " have made proviſion for the levying and ſupport of ſuch *to the firſt day of November next,* ſaid men to be then diſmiſſed." The words here in Italics are underſcored, ſhowing that the paper was offered to prove that the ſoldiers' term of enliſtment had expired before the running away with the veſſel. See 3 Hutchinſon's Hiſt. Maſs. 79. The verdict was for the defendants.

(2) It was formerly held that both owner and bailee might maintain treſpaſs, but that a recovery by one ſhould ouſt the other of his right of action. Bac. Ab. Treſpaſs, C. 2. It has been ſince decided, that general ownerſhip, without either poſſeſſion or right to poſſeſſion, is not ſufficient. *Ward* v. *Macauley,* 4 T. R. 488. *Muggridge* v. *Eveleth,* 9 Met. 233.

ant and he in Reverſion of a Freehold ſhall never join; and on the other, that it would be a Cauſe of multiplying Actions. The Parties agreeing, this Point was not determined.

Mr. *Gridley* in this Argument ſaid: Treſpaſs and Debt are the two great Actions on which the Fullneſs of Evidence is required, and are Actions of the higheſt Nature.